IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GWENN HALE,                              )
                                         )
          Plaintiff,                     )
                                         )
     v.                                  )          Case No.: 3:03-cv-526-MJR
                                         )
DOUGLASS B. WALTERS,                     )
                                         )
          Defendant.                     )

## AMENDED REPORT AND RECOMMENDATION

On May 10, 2005, this Court issued a Report and Recommendation (Doc. 69) on the
defendant's motion for summary judgment which was filed on October 15, 2004.  That report
and recommendation is currently pending before District Judge Michael J. Reagan.  This Court
now **AMENDS** that report and recommendation to include the following:

### FINDINGS OF FACT

The plaintiff, Gwenn Hale, filed a complaint on August 14, 2003.  This matter was
referred to the Magistrate Judge on August 6, 2004 and each of the defendants were dismissed
except for Douglass Walters (Doc. 20).  Walters signed a waiver of service of summons on
August 18, 2004, requiring a responsive pleading to be filed within 60 days.  (Doc. 23) On
October 15, 2004, Walters filed a motion for summary judgment.  (Doc. 35)  Along with that
motion, Walters issued a Federal Rule of Civil Procedure 56 notice to the plaintiff.  (Doc. 37)
This Court also issued a Rule 56 notice to the plaintiff and warned him of the consequences of
failing to respond.  (Doc. 59) The plaintiff filed a response to the motion for summary judgment,
with attachments, on April 27, 2005.  This Court issued a report and recommendation on May
10, 2005.

CONCLUSIONS OF LAW

The report and recommendation requires amending based on some procedural deficiencies in the defendant's filings.   The first document filed by the defendant is the motion for summary judgment.  This motion is not a pleading that is listed in Federal Rule of Civil Procedure 7(a) as it is not an answer.  Nor is the motion captioned as a motion to dismiss, pursuant to Rule 12(b), that may be filed prior to the filing of an answer.  The defendant, having waived service of process, should have filed a responsive pleading – i.e. a motion to dismiss or an answer.  Instead, he filed a motion for summary judgment pursuant to Rule 56.

Nonetheless, to advance this litigation, this Court construes the motion for summary judgment as a motion to dismiss.  Rule 12(b)(6) provides for dismissal if a complaint fails to state a claim upon which relief can be granted.   In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff.  Jet, Inc. V. Shell Oil, Co., 381 F.3d 627, 629 (7th Cir. 2004) (discussing a Rule 12(b)(6) motion to dismiss).  A complaint can only be dismissed if "there is no possible interpretation of the complaint under which it can state a claim."  Treadway v. Gateway Chevrolet Oldsmobile, Inc., 362 F.3d 971, 981 (7th Cir. 2004).

In turn, a motion to dismiss can be construed as a motion for summary judgment pursuant to Rule 12(b) provided the plaintiff is given notice so that he may present evidence to support his claim.  See Chicago Board of Education v. Substance, Inc., 354 F.3d 624, 627-628 (7th Cir. 2003).  In this case, the Court construes the motion to dismiss as a motion for summary judgment.  The plaintiff was given sufficient notice of this not only by the caption of this motion but also by the notice filed by the defendants on October 15, 2004 and issued by the Court on

March 22, 2005.

It may appear that the Court is reaching a conclusion after following an obviously circular path.  However, if the motion for summary judgment is not first construed as a motion to dismiss, the defendant would have essentially failed to timely submit a responsive pleading.  That would lead to default and possible default judgment.  However, justice would not be served with such a result as the defendant is actively participating in this lawsuit.  In addition, this motion must then be construed as a motion for summary judgment given the evidence attached to the defendant's motion (and the plaintiff's response) and this Courts consideration of the evidence.

Therefore, for the reasons set forth above, it is **RECOMMENDED** that the Motion for Summary Judgment be **construed** as a Motion to Dismiss.  It is further **RECOMMENDED** that the Motion to Dismiss be **converted** back into a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 12(b) and that the Court adopt the foregoing findings of fact and conclusions of law in addition to those findings and conclusions contained in this Court's May 10, 2005 Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: July 20, 2005**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**