## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **GWENN HALE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 03-cv-0526-MJR** |
| | ) | |
| **DOUGLASS B.  WALTERS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### <u>MEMORANDUM and ORDER</u>

**REAGAN, District Judge:**

In August 2003, prisoner Gwenn Hale filed suit (Doc. 1) pursuant to **42 U.S.C. § 1983,** alleging denial of access to the courts and retaliation by prison officials.  In October 2004, Defendant moved for summary judgment (Doc.  35). The Court referred the case to United State Magistrate Judge Gerald B.  Cohn (Doc.  20), and then to United States Magistrate Judge Donald G.  Wilkerson (Doc.  45), who on May 10, 2005 issued a Report (Doc.  69) recommending that the undersigned District Judge deny the petition and dismiss the case.  The Report was sent to all parties with a notice advising them that any objections must be filed by May 27, 2005.  Objections were filed, with the result that on July 20, 2005, Magistrate Judge Wilkerson issued an amended Report (Doc.  79), still recommending that the motion be granted and the case dismissed. The amended Report was sent to all parties with a notice advising them that any objections must be filed by August 8, 2005. On August 8, 2005, Plaintiff moved for an extension of time (Doc.  80) in which to file objections to the Report.  Plaintiff asked that the deadline be extended to August 23, 2005. The Court granted this motion and extended the deadline for objections to September 26, 2005 (Doc. 82).

1

Despite the extension, no objections were filed, and the extended deadline expired. The Court then adopted the Report and Recommendation and granted Defendant's motion for summary judgment (Doc. 83). The Clerk of Court entered judgment for Defendant (Doc. 84). Plaintiff then moved for a further extension of time to file objections (Doc. 85), which was denied (Doc. 86).

Now, Plaintiff has moved to alter or amend (actually, to vacate) the Court's judgment (Doc. 88). Because this motion comes more than ten days after entry of the judgment, it is treated under **Fed. R. Civ. P. 60(b)**. *See Britton v. Swift Transp. Co., Inc.*, **127 F.3d 616, 618 (7th Cir. 1997);** *Russell v. Delco Remy Div. of Gen. Motors Corp.*, **51 F.3d 746, 750 (7th Cir. 1995);** *United States v. Deutsch*, **981 F.2d 299, 301 (7th Cir. 1992).** Rule 60(b) permits a district court to relieve a party from an order or judgment on the following narrow grounds: mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief" from operation of the judgment or order. A Rule 60(b) motion cannot be used to correct simple legal errors. "Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" *Cash v. Ill. Div. of Mental Health*, **209 F.3d 695, 698 (7th Cir. 2000).** The Seventh Circuit has emphasized that Rule 60(b) imposes an "exacting standard" under which the movant must demonstrate exceptional circumstances to prevail. *See Romo v. Gulf Stream Coach*, **250 F.3d 1119, 1121 n.3 (7th Cir. 2001).** No such exceptional circumstances exist here. Plaintiff was granted a longer-than-usual extension within which to file his objections. He states that access to the Court is more difficult for him even than for other prisoners, but this does not rise to the level of serious violation of Constitutional rights that is required for a judgment to be vacated under this rule.

Furthermore, this Court no longer retains jurisdiction over the case pursuant to which it might grant the motion.  "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." ***Griggs v.  Provident Consumer Discount Co.***, 459 U.S. 56, 58 (1982); ***May v.  Sheahan***, 226 F.3d 876, 879 (7th Cir.  2000). Regardless of the merit of Plaintiff's motion, it must be denied.

Although this Court no longer has jurisdiction over the substantive issues of the case now that there is an appeal, it "retains jurisdiction over issues that are ancillary to those under consideration in the appellate court." ***May***, 226 F.3d at 879; ***Albiero v.  City of Kankakee***, 122 F.3d 417, 418 (7th Cir.  1997).  Plaintiff's motion to enter documents into the record on appeal (Doc. 89) is one of those ancillary matters. The documents Plaintiff seeks to add to the record were part of the original record in this case and are not an attempt to introduce new information.  They are documents of the type that are a standard part of any appeal record.  Thus if they are not already part of the record on appeal, they may be added.

Accordingly, the Court **DENIES** Plaintiff's motion to alter or amend judgment (Doc. 88).  The Court **GRANTS** Plaintiff's motion to enter documents into the appeal record (Doc. 89) and **DIRECTS** the Clerk of Court to ensure that the items listed in that motion are a part of the appeal record, and if not, to supplement the record as appropriate.

**IT IS SO ORDERED.**

**DATED this 4th day of May, 2006.**


**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**